UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>APPROXIMATELY $7,960.00 IN U.S. CURRENCY,<br><br>APPROXIMATELY $2,260.00 IN U.S. CURRENCY,<br><br>APPROXIMATELY $3,195.00 IN U.S. CURRENCY,<br><br>APPROXIMATELY $3,927.00 IN U.S. CURRENCY, and<br><br>2007 CADILLAC ESCALADE EXT, VIN: 3GYFK62837G222266, LICENSE NUMBER 8W03721,<br><br>        Defendants. | No. 2:10-CV-02167-MCE-KJN<br><br>ORDER STRIKING CLAIMS OF JAMARUS SMITH AND MONIQUE BANKS PURSUANT TO RULE G(8)(c) OF THE SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME AND ASSET FORFEITURE ACTIONS |

    Presently before the Court is the United States' Motion to Strike the Claims of Jamarus Smith and Monique Banks pursuant to Rule G(8)(c)(i)(A)-(B) of the Supplemental Rules for Admiralty or

1

Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). No opposition was made to the Motion on behalf of either Smith or Banks. After having read and considered the motion, and good cause appearing therfor, the Court finds as follows:

1. On October 6, 2011, the parties filed a joint status report in the case. In the joint status report, the parties specified that claimants Jamarus Smith and Monique Banks' answers would be filed no later than November 5, 2011.

2. Supplemental Rule G(5)(b) provides that a claimant must file an answer or a Rule 12 motion within twenty-one days after filing a claim. If the claimant does not file an answer or a Rule 12 motion, the United States may move to strike a claim or answer "at any time before trial" for "failing to comply with Rule G(5)" and/or "because the claimant lacks standing." Fed. R. Civ. P. Supp. G(8)(c)(i)(A)-(B).

3. Statutory standing requires the claimant to comply with certain procedural and statutory requirements. United States v. 39,557.00, More or Less, in U.S. Currency, 683 F. Supp. 2d 335, 338-39 (D.N.J. 2010). The importance of filing an Answer cannot be understated, since the Answer provides the opportunity to present defenses as to why a claimant has standing to contest the forfeitability of the defendant property. United States v. 1866.75 Board Feet and 11 Doors and Casings, No. 1:07cv1100-GBL, 2008 WL 839792 (E.D. Va. Mar. 25, 2008). Courts have held claimants to strict compliance with the Supplemental Rules. United States v. $487,825 in U.S. Currency, 484 F.3d 662, 664-65 (3d Cir. 2007).

///
///

4.   To date, no Answers submitted by either Jamarus Smith or Monique Banks have been filed, or have been served on counsel for the United States.  The United States' Motion (ECF No. 34) is accordingly GRANTED.[1]   Therefore, IT IS HEREBY ORDERED AND ADJUDGED that the Claims of Jamarus Smith and Monique Banks in the above-styled civil action are stricken for failing to comply with Rule G(5) and/or pursuant to Rule G(8)(c)(i)(A)-(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions because said claimants lacks standing.

IT IS SO ORDERED.

Dated:  September 7, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Having determined that oral argument was not of material assistance, the Court submitted this matter on the briefs in accordance with Eastern District Local Rule 230(g).

3